IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY FARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-07-783-W |
| v. ) | |
| ) | |
| GLENA LEE, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Amended Complaint filed August 10, 2007, Plaintiff names as Defendants six officials at the Joseph Harp Correctional Center ("JHCC") where Plaintiff is incarcerated.[1] Plaintiff alleges that Defendants have violated his "1st Amendment of freedom to choose" (count one) and his "14th Amendment of equal protection" (count two) and that Defendants have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs (count three). For these alleged constitutional deprivations, Plaintiff seeks compensatory damages, costs, filing fees, and attorney's fees. Defendants Addison, Bartlett, Preston, Chrisman, Miles, and Lee have moved

---

[1] Although Plaintiff names the Oklahoma Department of Corrections ("ODOC") and "Medical Department" as Defendants in the style of his Amended Complaint, Plaintiff has not requested the issuance of summons as to these parties. Nor has he served these parties with process. Moreover, Plaintiff did not name ODOC or "Medical Department" as a Defendant in the body of his Amended Complaint. Therefore, it appears Plaintiff has voluntarily dismissed ODOC and "Medical Department" as Defendants.

to dismiss the action or alternatively moved for summary judgment, and Plaintiff has responded to Defendants' dispositive motion. For the following reasons, it is recommended that Defendants' Motion for Summary Judgment be granted.

I. Plaintiff's Claims

In support of his claim of a First Amendment violation in count one, Plaintiff alleges that he has been denied his "right to choose the mode of treatment" for his leg pain, that he can "take meds that medical [and physician's assistant] Miles are alowed [sic] to give, but the pain keep [sic] going on, and not a thing or [sic] done." Plaintiff contends that this impedes his "freedom."

In support of his claim of an equal protection violation in count two, Plaintiff asserts "here at JHCC, they do not do any thing in medical by [sic] give pills that do no [sic] work....Can we just get help and no [sic] 23 pills a day that does not help."

In support of his Eighth Amendment claim in count three, Plaintiff alleges that "not a thing is done" by "Medical" and that he believes "outside doctors could do some thing" whereas "JHCC medical will not."

II. Standard of Review

Because Defendants have relied on documents outside of the pleadings to support their dispositive motion, and because Plaintiff was advised of his obligations under Fed. R. Civ. P. 56 and the Local Civil Rules in responding to the dispositive motion (Order entered January 22, 2008)(Doc. #22), Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. # 20) is construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A special[2] report is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

---

[2]In Martinez v. Aaron, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a special report by the appropriate prison or jail authorities elucidating the factual background and subject matter of prisoners' civil rights complaints.

III. Exhaustion of Administrative Remedies

Defendants' summary judgment motion seeks dismissal of Plaintiff's claims in his Amended Complaint on the ground that Plaintiff failed to exhaust available administrative remedies with respect to each of his claims. Defendants rely on the affidavit of DOC's Administrative Programs Officer included in the Special Report in which the DOC official states that Plaintiff did not submit any type of grievance to DOC's Administrative Review Unit from January 2000 to October 24, 2007, the date of the affidavit. Special Report, att. 18. Defendants also rely on the affidavit of DOC's Medical Services Division's Nurse Manager attached to their dispositive motion who avers that Plaintiff did not submit any medical grievance appeal to DOC's Chief Medical Officer in the Medical Services Division during the relevant time period. Defendants' Motion to Dismiss/Motion for Summary Judgment and Brief in Support ("Defendants' Motion"), Ex. 1.

ODOC has a clearly-established three-step administrative grievance procedure that must be completed by Oklahoma inmates. Special Report, att. 19. Defendants' Motion includes a statement of facts relevant to the motion. In this statement of material facts, Defendants have set forth the three stage procedure established by DOC for inmates to use to exhaust administrative remedies concerning their grievances. Defendants' Motion, at 3. Defendants also state that Plaintiff has failed to submit any type of grievance at JHCC, has not filed any grievance appeal to the Administrative Review Unit, and has not submitted a medical grievance appeal to DOC's Chief Medical Officer of the Medical Services Division during the time period relevant to his allegations. Defendants' Motion, at 3. These

statements of material facts are not controverted.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted in 1996, directs: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure.  Booth v. Churner, 532 U.S. 731, 741 (2001). "[F]ailure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).  The PLRA's administrative exhaustion requirement is satisfied if the inmate complies with the prison's grievance procedures, and "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."  Id. at 922-923.  Moreover, the PLRA does not impose a "total exhaustion rule," and courts may therefore proceed with exhausted claims while dismissing claims that have not been exhausted.  Id. at 923-926.

In response to the query contained in Plaintiff's Amended Complaint as to Plaintiff's exhaustion of administrative remedies, Plaintiff did not assert that he exhausted available

administrative remedies. Rather, Plaintiff stated only that he had submitted a "Request to Staff." He does not otherwise describe the request to staff or any other effort to exhaust his administrative remedies concerning the claims in the Amended Complaint. Plaintiff only complained that "some are answers [sic] and other [sic] are not" and "its [sic] one run around after other [sic] no other relief but to the US Courts. A person can not go any place els [sic] if one can not get an answer." This statement fails to show that Plaintiff exhausted the administrative remedies available to him at JHCC with respect to any of his claims.

In response to Defendants' dispositive motion, Plaintiff continues to argue the merits of his claims.[3] In a caustic statement directed to Defendants' assertion that Plaintiff has failed to exhaust his administrative remedies, Plaintiff states, "I will not say a thing about administrative remedies pursuant [to] D.O.C. grievances, because if they say I did not then they say so. If they do not want any one to see anything then it was not filed. (I'm a liar on[e] more time)." Plaintiff also vaguely asserts that "[h]ere at J.H.C.C. one ½ of the time they will not answer a request of staff on J unit from Case Manager and Unit Manager."

Plaintiff has attached to his Amended Complaint three request to staff forms. Two of these forms are directed to Defendant Lee, who is JHCC's health services administrator. In the first request to staff dated July 12, 2007, Plaintiff requests "something to stop this pain" or for Defendant Lee to "send me some where I can get help" as "I would like to be able to walk." No response is included on this form. However, another document attached to

---

[3] Plaintiff asserts that he "do[es] not agree with the treatment for my arthritis pain in my hip and hands or arms" and he requests to be transported to "a doctor that does not work for DOC."

Plaintiff's Amended Complaint is a photocopy of a JHCC interoffice memorandum dated July 18, 2007, from Defendant Lee to Plaintiff advising Plaintiff that his request to staff dated July 12, 2007, was being returned to him unanswered because he had failed to comply with ODOC policy OP-090124 by not using newly-adopted "Request to Staff" forms.  Plaintiff was advised he could re-submit his request to staff on the proper forms.

Plaintiff's Amended Complaint includes a photocopy of a second request to staff dated July 16, 2007, directed to Defendant Lee.  In this request, Plaintiff seeks help to "get to see PA [sic] Miles or send me to OU to have that test on my legs .... or send me to a V.A. where I can be taken care of."  In the July 17, 2007 response to this request to staff, Defendant Lee advised Plaintiff that he should submit a request for medical services and wait to be seen, and that Plaintiff cannot be assisted if he does not follow directions.  In a third request to staff form dated July 14, 2007, directed to "Chief Carpenter," Plaintiff requested information as to whether he would be sent to OU for medical treatment because he has "pain and cramping in my legs and they hurt all the time."  In a response to this request to staff dated July 17, 2007, Defendant Lee advised Plaintiff that he had been rescheduled "in the near future" apparently for this requested transport to an outside medical facility for treatment. The Plaintiff's Amended Complaint, attachments to the Amended Complaint and responsive pleading also do not show that Plaintiff has pursued the three steps of ODOC's established administrative grievance procedure with respect to any of his claims.

In his Amended Complaint and in his responsive pleading, Plaintiff suggests some obstructive actions on the part of prison officials, including the failure to respond to his

request to staff forms. Although "the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable," Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002), the record shows that Plaintiff was advised of the deficiency in his July 12, 2007 request to staff form and allowed to cure the deficiency. Plaintiff submitted subsequent request to staff forms on the same issue and received responses to the requests. Thus, the absence of a response to his July 12, 2007 request to staff form did not interfere with his ability to exhaust his administrative remedies. Moreover, Plaintiff has not alleged or demonstrated that he submitted a grievance, which is the second step of the grievance procedure, or that he pursued the third step of the administrative grievance procedure concerning any of his claims. Petitioner's assertion that it would be futile for him to exhaust his administrative remedies is not sufficient to excuse the exhaustion requirement. See id. at 1032 ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.")(citing Booth, 532 U.S. at 740).

Although Plaintiff is a *pro se* prisoner, he must comply with the requirements of Rule 56 in opposing a motion for summary judgment. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007)(despite liberal treatment given *pro se* litigants' pleadings, "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants")(internal quotation omitted). Plaintiff has failed to demonstrate that he exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Accordingly, Defendants' Motion for Summary Judgment seeking dismissal of the action for failure to exhaust

administrative remedies should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. #20), construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56, be GRANTED and that the cause of action be dismissed due to Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by      April 16th      , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    27th    day of     March    , 2008.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE